William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

*Attorneys for Plaintiffs*
*Bausch & Lomb Inc.,*
*Bausch & Lomb Ireland Limited,*
*and Eye Therapies, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BAUSCH & LOMB INC.;<br>BAUSCH & LOMB IRELAND LIMITED;<br>and EYE THERAPIES, LLC,<br><br>               Plaintiffs,<br><br>    v.<br><br>SOMERSET THERAPEUTICS, LLC;<br>SOMERSET PHARMA LLC; SOMERSET<br>THERAPEUTICS PRIVATE LIMITED f/k/a<br>SOMERSET THERAPEUTICS LIMITED; and<br>ODIN PHARMACEUTICALS LLC,<br><br>               Defendants. | Civil Action No. 25-3395<br><br>*Document Electronically Filed* |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Bausch & Lomb Inc., Bausch & Lomb Ireland Limited, and Eye Therapies, LLC (collectively, "Plaintiffs") by way of Complaint against Defendants Somerset Therapeutics, LLC, Somerset Pharma LLC, Somerset Therapeutics Private Limited f/k/a Somerset Therapeutics Limited, and Odin Pharmaceuticals LLC  (collectively, "Somerset" or "Defendants") allege as follows:

## NATURE OF THE ACTION

1.      This is an action for infringement of United States Patent Nos. 8,293,742 ("the '742 patent"), 9,259,425 ("the '425 patent"), 11,596,600 ("the '600 patent") and 11,833,245 ("the '245 patent") (the '742, '425, '600, and '245 patents, collectively, "the Asserted Patents"), arising under the United States patent laws, Title 35, United States Code § 100 et seq., including 35 U.S.C. §§ 271 and 281, and for declaratory judgment of infringement under 28 U.S.C. §§ 2201 and 2202. This action relates to Somerset's filing of an Abbreviated New Drug Application ("ANDA") under Section 505(j) of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to market its generic Brimonidine Tartrate Ophthalmic Solution, 0.025% ("Somerset's generic brimonidine ophthalmic solution") prior to the expiration of the Asserted Patents.

## THE PARTIES

2.      Plaintiff Bausch & Lomb Inc. ("Bausch") is a corporation organized and existing under the laws of New York with a place of business at 1400 N. Goodman St. Rochester, New York 14609. Bausch is the registered holder of approved New Drug Application ("NDA") No. 208144, which covers Lumify® ophthalmic solution/drops (brimonidine tartrate, 0.025%).

3.      Plaintiff Bausch & Lomb Ireland Limited ("Bausch Ireland") is a company organized and existing under the laws of Ireland, having its registered office at 3013 Lake Drive, Citywest Business Park, Dublin, Ireland. Bausch Ireland exclusively licenses the Asserted Patents.

4.      Plaintiff Eye Therapies, LLC ("Eye Therapies") is a limited liability company organized and existing under the laws of Delaware, having its principal place of business at 26933 Camino De Estrella, 2nd Fl., Dana Point, California 92624. Eye Therapies is the owner of the Asserted Patents.

- 2 -

5.     Upon information and belief, Defendant Somerset Therapeutics, LLC ("Somerset Therapeutics") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873. Upon information and belief, holds (or will hold) any intellectual property rights and marketing authorizations for Somerset's generic brimonidine ophthalmic solution. Upon information and belief, Somerset Therapeutics is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market, including in this District.

6.     Upon information and belief, Defendant Somerset Pharma LLC ("Somerset Pharma") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873. Upon information and belief, Somerset Pharma is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market, including in this District. Upon information and belief, Somerset Pharma is a wholly owned subsidiary of Somerset Therapeutics.

7.     Upon information and belief, Defendant Somerset Therapeutics Private Limited f/k/a Somerset Therapeutics Ltd. ("Somerset Private") is a corporation organized and existing under the laws of India, having a corporate headquarters 54/1,Budihal, Nelamangala, Bengaluru-562123, Karnataka, India. Upon information and belief, Somerset Private is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market, including in this District, and plays a crucial role in the production and supply of Somerset's products.

8.     Upon information and belief, Defendant Odin Pharmaceuticals LLC ("Odin") is a corporation organized and existing under the laws of the State of Delaware, having a principal

place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873.  Upon information and belief, Odin is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market, including in this District, and specifically supports all research and development efforts undertaken by Somerset.

9.      On information and belief, Defendants acted in concert to prepare and submit Somerset's ANDA to the FDA

## THE PATENTS IN SUIT

10.     The U.S. Patent and Trademark Office ("PTO") issued the '742 patent on October 23, 2012. The '742 patent claims, inter alia, methods of reducing eye redness consisting essentially of administering brimonidine into ocular tissue. Plaintiffs hold all substantial rights in the '742 patent and have the right to sue for infringement thereof. A copy of the '742 patent is attached hereto as Exhibit 1.

11.     The PTO issued the '425 patent on February 16, 2016. The '425 patent claims, inter alia, methods of reducing redness of an eye and/or increasing whiteness of an eye comprising administering compositions comprising brimonidine. Plaintiffs hold all substantial rights in the '425 patent and have the right to sue for infringement thereof. A copy of the '425 patent is attached hereto as Exhibit 2.

12.     The PTO issued the '600 patent on March 7, 2023. The '600 patent claims, *inter alia*, methods of reducing eye redness consisting essentially of administering brimonidine into ocular tissue. Plaintiffs hold all substantial rights in the '600 patent and have the right to sue for infringement thereof. A copy of the '600 patent is attached hereto as Exhibit 3.

13.     The PTO issued the '245 patent on December 5, 2023. The '245 patent claims, *inter alia*, methods of reducing eye redness consisting of topically administering 0.025% brimonidine

as the sole active ingredient into ocular tissue. Plaintiffs hold all substantial rights in the '245 patent and have the right to sue for infringement thereof. A copy of the '245 patent is attached hereto as Exhibit 4.

14.     Bausch is the holder of NDA No. 208144 for Lumify®, which the FDA approved on December 22, 2017. In conjunction with NDA No. 208144, the Asserted Patents were timely listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") and remain listed in the Orange Book.

15.     Brimonidine tartrate ophthalmic solution, 0.025%, is sold in the United States under the trademark Lumify®.

### SOMERSET'S INFRINGING ANDA SUBMISSION

16.     Upon information and belief, Somerset filed or caused to be filed with the FDA ANDA No. 219823, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

17.     Upon information and belief, Somerset's ANDA No. 219823 seeks FDA approval to engage in commercial manufacture, use, and sale in the United States of Somerset's generic brimonidine ophthalmic solution, intended to be a generic version of Lumify®.

18.     On or about March 28, 2025, Plaintiffs received a letter from Somerset dated March 27, 2025, purporting to be a Notice of Paragraph IV Certification regarding ANDA No. 219823 ("Somerset's Notice Letter") under Section 505(j)(2)(B)(iv) of the Act and 21 § C.F.R. 314.95. Somerset's Notice Letter was addressed to Bausch and Lomb, Inc. and Eye Therapies LLC.

19.     Somerset's Notice Letter alleges that Somerset has submitted to the FDA ANDA No. 219823 seeking approval to engage in the commercial manufacture, use and/or sale of Somerset's generic brimonidine ophthalmic solution, intended to be generic versions of Lumify®.

20.     Somerset's Notice Letter states that Somerset's ANDA No. 219823 contains "any required bioavailability or bioequivalence studies data or information . . . to obtain approval to engage in the commercial manufacture, use, or sale of the drug [brimonidine tartrate ophthalmic solution, 0.025%]" for Somerset's generic brimonidine ophthalmic solution.

21.     Upon information and belief, ANDA No. 219823 seeks approval of Somerset's generic brimonidine ophthalmic solution that is the same, or substantially the same, as Lumify®.

22.     Upon information and belief, the actions related to ANDA No. 219823 complained of herein were done at the direction of, with the authorization of, or with the cooperation, the participation, the assistance of, or at least in part for the benefit of all Defendants.

## JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

24.     Upon information and belief, Somerset Therapeutics has its principal place of business in New Jersey and has registered to do business with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0451084958. Somerset Therapeutics has thus consented to personal jurisdiction in New Jersey.

25.     Upon information and belief, Somerset Pharma has its principal place of business in New Jersey and has registered to do business with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0450400310. Somerset Pharma, LLC has thus consented to personal jurisdiction in New Jersey.

26.     Upon information and belief, Odin has its principal place of business in New Jersey and has registered to do business with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0450315269 and

is registered with New Jersey as a wholesale distributor of drugs under Registration Number 5005515. Odin has thus consented to personal jurisdiction in New Jersey.

27.     On information and belief, Defendants are affiliates that operate within the same corporate family.

28.     Upon information and belief, Somerset Therapeutics directly or indirectly manufactures, markets, and sells generic drug products throughout the United States and in this District, and this District is a likely destination for Somerset's ANDA product. Upon information and belief, Somerset Therapeutics purposefully has conducted and continues to conduct business in this District.

29.     Upon information and belief, Somerset Pharma directly or indirectly manufactures, markets, and sells generic drug products throughout the United States and in this District, and this District is a likely destination for Somerset's ANDA product. Upon information and belief, Somerset Pharma purposefully has conducted and continues to conduct business in this District.

30.     Upon information and belief, Somerset Private directly or indirectly manufactures, markets, and sells generic drug products throughout the United States and in this District, and this District is a likely destination for Somerset's ANDA product. Upon information and belief, Somerset Private purposefully has conducted and continues to conduct business in this District.

31.     Upon information and belief, Odin directly or indirectly manufactures, markets, and sells generic drug products throughout the United States and in this District, and this District is a likely destination for Somerset's ANDA product. Upon information and belief, Odin purposefully has conducted and continues to conduct business in this District.

32.     Upon information and belief, Defendants have a regular and established place of business in this District because, for example, they maintain a place of business in this District at

300 Franklin Square Drive, Somerset, New Jersey 08873 and have committed an act of infringement in this District.

33.    Upon information and belief, Defendants hold themselves out as a unitary entity for purposes of manufacturing, marketing, selling, and distributing generic products in the United States.

34.    Upon information and belief, Defendants are affiliates that operate within the same corporate family.

35.    Upon information and belief, Defendants act, operate, and/or hold themselves out to the public as a single integrated business such that Defendants all have an established and regular place of business in New Jersey.

36.    Upon information and belief, Somerset Therapeutics, with the aid of Somerset Pharma, Somerset Private, and Odin, filed the ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Somerset's generic brimonidine ophthalmic solution in the United States, including in New Jersey.

37.    Upon information and belief, actions related to the submission of the ANDA occurred in New Jersey, and if Somerset receives approval for the ANDA, Somerset will market, distribute, offer for sale, and/or sell the generic product described in Somerset's ANDA in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Somerset's generic brimonidine ophthalmic solution in New Jersey.

38.    Upon information and belief, following any FDA approval of Somerset's ANDA, Defendants will work in concert with one another to make, use, offer to sell, and/or sell Somerset's generic brimonidine ophthalmic solution throughout the United States, and/or import such generic drug products into the United States, including in this District.

39.     Upon information and belief, Defendants derive substantial revenue from the marketing, manufacture, and/or sale of generic pharmaceutical products in the United States and New Jersey.

40.     Upon information and belief, Somerset Therapeutics, Somerset Pharma, Odin have previously been sued in this District and have not challenged personal jurisdiction or venue, and they have further availed themselves of this Court by asserting counterclaims in other civil actions in this District.

41.     Defendants know or should know that Lumify® is manufactured for Bausch, at least because that information is included in the label for Lumify® and is publicly available.

42.     Upon information and belief, venue is proper in this District under 28 U.S.C. §§ 1391(c) and (d), and 1400(b).

43.     Venue is proper at least because, on information and belief, Somerset submitted its ANDA from its Somerset, New Jersey place of business and therefore Somerset has committed acts of infringement and has a regular and established place of business in New Jersey for the purposes of venue.

44.     Venue is proper against Somerset Private, a foreign corporation, in any judicial district that has personal jurisdiction, including this District.

45.     Venue is proper against Somerset Therapeutics because, *inter alia*, it maintains a regular and established place of business in this District and has committed an act of infringement in this District.

46.     Venue is proper against Somerset Pharma because, *inter alia*, it maintains a regular and established place of business in this District and has committed an act of infringement in this District.

47.    Venue is proper against Odin because, *inter alia*, it maintains a regular and established place of business in this District and has committed an act of infringement in this District.

## COUNT I FOR PATENT INFRINGEMENT

### Infringement of the '742 Patent Under § 271(e)(2)

48.    The preceding paragraphs are incorporated herein as set forth above.

49.    Under 35 U.S.C. § 271(e)(2), Defendants have infringed at least one claim of the '742 patent by submitting, or causing to be submitted to the FDA, ANDA No. 219823 seeking approval for the commercial marketing of Somerset's generic brimonidine ophthalmic solution before the expiration date of the '742 patent.

50.    Upon information and belief, Somerset's generic brimonidine ophthalmic solution will, if approved and marketed, infringe at least one claim of the '742 patent.

51.    Upon information and belief, Defendants will, through the manufacture, use, import, offer for sale, and/or sale of Somerset's generic brimonidine ophthalmic solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '742 patent.

52.    If Defendants' marketing and sale of Somerset's generic brimonidine ophthalmic solution prior to the expiration of the '742 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT II FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '742 Patent

53.    The preceding paragraphs are incorporated herein as set forth above.

54.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

55.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

56.     Defendants have made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Somerset's generic brimonidine ophthalmic solution before the expiration date of the '742 patent, including the filing of ANDA No. 219823.

57.     Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Somerset's generic brimonidine ophthalmic solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '742 patent.

58.     Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of use, sale, and/or importation of Somerset's generic brimonidine ophthalmic solution will constitute infringement of at least one claim of the '742 patent.

## COUNT III FOR PATENT INFRINGEMENT

### Infringement of the '425 Patent Under § 271(e)(2)

59.     The preceding paragraphs are incorporated herein as set forth above.

60.     Under 35 U.S.C. § 271(e)(2), Defendants have infringed at least one claim of the '425 patent by submitting, or causing to be submitted to the FDA, ANDA No. 219823 seeking approval for the commercial marketing of Somerset's generic brimonidine ophthalmic solution before the expiration date of the '425 patent.

61.     Upon information and belief, Somerset's generic brimonidine ophthalmic solution will, if approved and marketed, infringe at least one claim of the '425 patent.

62.     Upon information and belief, Defendants will, through the manufacture, use,

import, offer for sale, and/or sale of Somerset's generic brimonidine ophthalmic solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '425 patent.

63.    If Defendants' marketing and sale of Somerset's generic brimonidine ophthalmic solution prior to the expiration of the '425 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT IV FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '425 Patent

64.    The preceding paragraphs are incorporated herein as set forth above.

65.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

66.    There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

67.    Defendants have made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Somerset's generic brimonidine ophthalmic solution before the expiration date of the '425 patent, including the filing of ANDA No. 219823.

68.    Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Somerset's generic brimonidine ophthalmic solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '425 patent.

69.    Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of use, sale, and/or importation of Somerset's generic brimonidine ophthalmic solution will constitute infringement of at least one claim of the '425 patent.

## COUNT V FOR PATENT INFRINGEMENT

### Infringement of the '600 Patent Under § 271(e)(2)

70.    The preceding paragraphs are incorporated herein as set forth above.

71.    Under 35 U.S.C. § 271(e)(2), Defendants have infringed at least one claim of the '600 patent by submitting, or causing to be submitted to the FDA, ANDA No. 219823 seeking approval for the commercial marketing of Somerset's generic brimonidine ophthalmic solution before the expiration date of the '600 patent.

72.    Upon information and belief, Somerset's generic brimonidine ophthalmic solution will, if approved and marketed, infringe at least one claim of the '600 patent.

73.    Upon information and belief, Defendants will, through the manufacture, use, import, offer for sale, and/or sale of Somerset's generic brimonidine ophthalmic solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '600 patent.

74.    If Defendants' marketing and sale of Somerset's generic brimonidine ophthalmic solution prior to the expiration of the '600 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT VI FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '600 Patent

75.    The preceding paragraphs are incorporated herein as set forth above.

76.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

77.    There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

78.     Defendants have made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Somerset's generic brimonidine ophthalmic solution before the expiration date of the '600 patent, including the filing of ANDA No. 219823.

79.     Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Somerset's generic brimonidine ophthalmic solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '600 patent.

80.     Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of use, sale, and/or importation of Somerset's generic brimonidine ophthalmic solution will constitute infringement of at least one claim of the '600 patent.

## COUNT VII FOR PATENT INFRINGEMENT

### Infringement of the '245 Patent Under § 271(e)(2)

81.     The preceding paragraphs are incorporated herein as set forth above.

82.     Under 35 U.S.C. § 271(e)(2), Defendants have infringed at least one claim of the '245 patent by submitting, or causing to be submitted to the FDA, ANDA No. 219823 seeking approval for the commercial marketing of Somerset's generic brimonidine ophthalmic solution before the expiration date of the '245 patent.

83.     Upon information and belief, Somerset's generic brimonidine ophthalmic solution will, if approved and marketed, infringe at least one claim of the '245 patent.

84.     Upon information and belief, Defendants will, through the manufacture, use, import, offer for sale, and/or sale of Somerset's generic brimonidine ophthalmic solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '245 patent.

85.     If Defendants' marketing and sale of Somerset's generic brimonidine ophthalmic solution prior to the expiration of the '245 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

### COUNT VIII FOR PATENT INFRINGEMENT

**Declaratory Judgment of Infringement of the '245 Patent**

86.     The preceding paragraphs are incorporated herein as set forth above.

87.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

88.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

89.     Defendants have made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Somerset's generic brimonidine ophthalmic solution before the expiration date of the '245 patent, including the filing of ANDA No. 219823.

90.     Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Somerset's generic brimonidine ophthalmic solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '245 patent.

91.     Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of use, sale, and/or importation of Somerset's generic brimonidine ophthalmic solution will constitute infringement of at least one claim of the '245 patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants on the patent infringement claims set forth above and respectfully request that this Court:

1.       Enter judgment that, under 35 U.S.C. § 271(e)(2), Defendants have infringed at least one claim of the '425 patent by submitting or causing to be submitted ANDA No. 219823 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Somerset's generic brimonidine ophthalmic solution before the expiration of the '742 patent;

2.       Enter judgment that, under 35 U.S.C. § 271(e)(2), Defendants have infringed at least one claim of the '742 patent by submitting or causing to be submitted ANDA No. 219823 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Somerset's generic brimonidine ophthalmic solution before the expiration of the '425 patent;

3.       Enter judgment that, under 35 U.S.C. § 271(e)(2), Defendants have infringed at least one claim of the '600 patent by submitting or causing to be submitted ANDA No. 219823 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Somerset's generic brimonidine ophthalmic solution before the expiration of the '600 patent;

4.       Enter judgment that, under 35 U.S.C. § 271(e)(2), Defendants have infringed at least one claim of the '245 patent by submitting or causing to be submitted ANDA No. 219823 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Somerset's generic brimonidine ophthalmic solution before the expiration

of the '245 patent;

5.      Order that the effective date of any approval by the FDA of Somerset's generic brimonidine ophthalmic solution be a date that is not earlier than the expiration of the '742, '425, '600, and '245 patents, or such later date as the Court may determine;

6.      Enjoin Defendants from the commercial manufacture, use, import, offer for sale, and/or sale of Somerset's generic brimonidine ophthalmic solution until expiration of the '742, '425, '600, and '245 patents, or such later date as the Court may determine;

7.      Enjoin Defendants and all persons acting in concert with Defendants from seeking, obtaining, or maintaining approval of Somerset's ANDA No. 219823 until expiration of the '742, '425, '600, and '245 patents;

8.      Declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs costs, expenses, and disbursements in this action, including reasonable attorney's fees; and

9.      Award Plaintiffs such further and additional relief as this Court deems just and proper.


Dated: April 28, 2025
      Newark, New Jersey

s/ William P. Deni, Jr.
William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
wdeni@gibbonslaw.com
jlower@gibbonslaw.com